UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 09-80395-CIV-MIDDLEBROOKS/WHITE
CASE NO.: 07-CR-80106-MIDDLEBROOKS

DEON D. ROUNDTREE,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING THE REPORT AND RECOMMENDATION [DE 8]

THIS CAUSE comes before the Court on Judge White's Report and Recommendation (hereinafter the "Report") [DE 8] on Petitioner's timely filed motion to vacate pursuant to 28 U.S.C. §, 2255 [DE 1], and Petitioner's Objections to the Report [DE 11]. I have reviewed the record and am advised in the premises.

Petitioner has raised two Sixth Amendment claims in his petition:

1. Petitioner was denied effective assistance of counsel when his attorney failed to allege facts sufficient to warrant relief as a result of the motion to suppress.

2. Petitioner was denied effective assistance of counsel when his attorney failed to challenge the validity of the information filed by the government pursuant to 21 U.S.C. § 851.

The Report concluded that there was no basis for either of Petitioner's claims, and recommended that the motion to vacate be denied. It also concluded that the request for an evidentiary hearing be denied because the claims raised were unsupported by the record and without merit.

Petitioner requests and evidentiary hearing and appointment of counsel. However, Petitioner does not have a constitutional right to counsel in federal habeas corpus proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). An evidentiary hearing is also not required or appropriate for the reasons stated in the Report.

Petitioner states that the Report's conclusion are in conflict with those of the Eleventh Circuit Court of Appeals opinion denying his direct appeal. First, regarding the Report's determination that his Sixth Amendment ineffective assistance of counsel failed, he states that the Court of appeals "acknowledge[d] that the motion to suppress does not contain the essential and specific, definite issues to be suppressed [which] calls into, [sic] question the competency of counsel who blatantly omitted the necessary elements in which relief could be granted." [DE 11 at 8]. Second, regarding the Reports's conclusion that Petitioner's counsel raised detailed arguments, Petitioner claims that "the Eleventh Circuit decision in respect to the Suppression hearing [sic] that panel of judges concluded that Counsel merely made promises that if the court would grant a evidentiary hearing on the motion to suppress, Counsel promised he would present specific facts as to why the motion to suppress should be granted. The eleventh [sic] Circuit dismissed because of the promise." *Id*.

The Eleventh Circuit issued an Order on Petitioner's appeal in the underlying criminal case, *Deon Delguato Roundtree v. the United States of America*, Case No.: 07-CR-80106-DMM. It's November 7, 2008, per curiam opinion, affirming the Petitioner's conviction in the district court, is docketed in that case at DE 69. The Court of Appeals reviewed the district court's failure to grant an evidentiary hearing on the motion to suppress with an abuse of discretion standard, and decided there was no reversible error. Specifically, it found that the motion to suppress did not present an issue of fact or contain allegations that would provide a basis for relief, therefore, the district court

did not err in either failing to hold an evidentiary hearing or in denying Petitioner's motion to suppress evidence.

Despite Petitioner's objections, there is nothing in the Eleventh Circuit's opinion that is contradicted by the Report, and nothing that constitutes any finding or determination of a constitutional violation against Petitioner. The remainder of the issues raised in the Objection were raised in the Petition, and were fully addressed by the Report.

In both the Petition and the Objections to the Report, Petitioner has failed to show prejudice on either of his claims, and therefore, pursuant to *Strictland v. Washington*, 466 U.S. 668 (1984), and as explained in the Report, he is not entitled to relief on his claims. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Magistrate Judge White's Report [DE 8] is **RATIFIED, ADOPTED and APPROVED** in its entirety. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 17 day of September, 2009.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of record

Deon D. Roundtree, *pro se*
Reg. No. 72817- 004
FCI - Coleman (Medium)
Inmate Mail/Parcels
P.O. Box 1032
Coleman, FL 33521-1032